1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone: (213) 430-3400
12  Facsimile: (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX            )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND       )
20  PRODUCTS LIABILITY LITIGATION        )   CASE NO. 3:07-cv-4506-CRB
                                         )
21  This document relates to             )
                                         )   **PFIZER INC., PHARMACIA
22  CAROL FLANAGAN CONWAY and SHELTON    )   CORPORATION, AND G.D.
    CONWAY,                              )   SEARLE LLC'S ANSWER TO
23                                       )   COMPLAINT**
                    Plaintiffs,          )
24                                       )   **JURY DEMAND ENDORSED
            vs.                          )   HEREIN**
25                                       )
    PFIZER, INC., PHARMACIA CORPORATION, )
26  and G.D. SEARLE LLC, (FKA G.D. SEARLE & )
    CO.),                                )
27                                       )
                    Defendants.          )
28

-1-
ANSWER TO COMPLAINT – 3:07-cv-4506-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3  ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

5                                      I.

6                          **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9  Defendants may seek leave to amend this Answer when discovery reveals the specific time

10  periods in which Plaintiff was prescribed and used Bextra®.

11                                     II.

12                                  **ANSWER**

13    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14  Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

15  that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in

17  the United States to be prescribed by healthcare providers who are by law authorized to

18  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

19  certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle,

20  which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the

21  United States to be prescribed by healthcare providers who are by law authorized to prescribe

22  drugs in accordance with their approval by the FDA.  Defendants state that Bextra® and

23  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

24  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

25  were and are adequately described in their FDA-approved prescribing information, which was

26  at all times adequate and comported with applicable standards of care and law.  Defendants

27  deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Response to Allegations Regarding Parties**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' age, marital status, and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® and Celebrex® in the United Statesto be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United Statesto be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

1   deny the remaining allegations in this paragraph of the Complaint.

2   5.       Defendants state that the allegations in this paragraph of the Complaint regarding

3   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

4   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

5   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6                    **<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

7   6.       Defendants are without knowledge or information to form a belief as to the truth of the

8   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

9   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

10  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

11  interests and costs.

12  7.       Defendants are without knowledge or information to form a belief as to the truth of the

13  allegations in this paragraph of the Complaint regarding the judicial district in which the

14  asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Bextra®

15  and Celebrex® were and are safe and effective when used in accordance with their FDA-

16  approved prescribing information.  Defendants deny committing a tort in the States of North

17  Carolina or California and deny the remaining allegations in this paragraph of the Complaint.

18  8.       Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19  and co-promoted Bextra® and Celebrex® in the United States, including North Carolina and

20  California, to be prescribed by healthcare providers who are by law authorized to prescribe

21  drugs in accordance with their approval by the FDA.  Defendants admit that, during certain

22  periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which

23  developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United

24  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25  accordance with their approval by the FDA.  Defendants admit that Pfizer, Pharmacia, and

26  Searle are registered to and do business in the States of North Carolina and California.

27  Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors

28  in interest" are vague and ambiguous.   Defendants are without knowledge or information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

2    Defendants deny committing a tort in the States of North Carolina or California and deny the

3    remaining allegations in this paragraph of the Complaint.

4    **Response to Allegations Regarding Interdistrict Assignment**

5    9.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required.  To the extent that a response is deemed required, Defendants

7    admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

8    and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

9    Panel on Multidistrict Litigation on September 6, 2005.

10    10.    Defendants state that this paragraph of the Complaint contains legal contentions to

11    which no response is required.  To the extent that a response is deemed required, Defendants

12    are without knowledge or information to form a belief as to the truth of the allegations in this

13    paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly

14    arose and, therefore, deny the same.  Defendants admit that this case should be transferred to In

15    re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to

16    the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September

17    6, 2005.

18    **Response to Factual Allegations**

19    11.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21    Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

22    paragraph of the Complaint.

23    12.    Defendants state that the allegations in this paragraph of the Complaint regarding

24    Vioxx® are not directed toward Defendants, and, therefore, no response is required.

25    Defendants are without knowledge or information sufficient to form a belief as to the truth of

26    the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®

27    and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of

28    the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® or Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state  Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants state that the allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants, and, therefore, no response is required. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® or Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

1    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

2    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

3    were and are adequately described in their FDA-approved prescribing information, which was

4    at all times adequate and comported with applicable standards of care and law.  Defendants

5    deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or

6    damage and deny the remaining allegations in this paragraph of the Complaint.

7    17.      Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

10   case, Bextra® and Celebrex® were expected to reach users and consumers without substantial

11   change from the time of sale.  Defendants deny the remaining allegations in this paragraph of

12   the Complaint.

13   18.      Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

16   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

17   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

18   were and are adequately described in their FDA-approved prescribing information, which was

19   at all times adequate and comported with applicable standards of care and law.  Defendants

20   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

21   Complaint.

22   19.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

24   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

25   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

26   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

27   Celebrex® in the United States to be prescribed by healthcare providers who are by law

28   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

2   and Pharmacia became subsidiaries of Pfizer. Defendants deny the remaining allegations in this

3   paragraph of the Complaint.

4   20.      Defendants admit that the New Drug Application for Bextra® was filed with the FDA

5   on January 15, 2001. Defendants admit, as indicated in the package insert approved by the

6   FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

7   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

8   Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors

9   in interest" are vague and ambiguous. Defendants are without knowledge or information

10  sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.

11  Defendants deny the remaining allegations in this paragraph of the Complaint.

12  21.      Defendants state that the allegations in this paragraph of the Complaint regarding

13  aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

14  response is required. Defendants admit that Celebrex® and Bextra® are in a class of drugs that

15  are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  22.      Defendants state that the allegations in this paragraph of the Complaint are not directed

18  towards Defendants and, therefore, no response is required. To the extent that a response is

19  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

20  allegations in this paragraph of the Complaint. Defendants lack knowledge or information

21  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

22  23.      Defendants state that the allegations in this paragraph of the Complaint are not directed

23  towards Defendants and, therefore, no response is required. To the extent that a response is

24  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

25  allegations in this paragraph of the Complaint. Defendants lack knowledge or information

26  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

27  24.      Defendants state that the allegations in this paragraph of the Complaint are not directed

28  towards Defendants and, therefore, no response is required. To the extent that a response is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

2    allegations in this paragraph of the Complaint.  Defendants lack knowledge or information

3    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

4    25.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

5    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

6    required.  To the extent a response is deemed required, Plaintiffs fail to provide the proper

7    context for the allegations in this paragraph of the Complaint.  Defendants therefore are without

8    knowledge or information sufficient to form a belief as to the truth of such allegations and,

9    therefore, deny the same.

10    26.    Defendants state that the allegations in this paragraph of the Complaint regarding

11    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

12    information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

13    the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

14    mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

15    primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

16    humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

17    state that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is

18    believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of

19    cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in humans valdecoxib does

20    not inhibit cyclooxygenase-1 (COX-1)."  Defendants state that Bextra® and Celebrex® were

21    and are safe and effective when used in accordance with their FDA-approved prescribing

22    information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are

23    adequately described in their FDA-approved prescribing information, which was at all times

24    adequate and comported with applicable standards of care and law.  Defendants deny any

25    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

26    27.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

27    Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

28    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

2    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

3    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

4    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

5    the remaining allegations in this paragraph of the Complaint.

6    28.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit

7    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

8    Celebrex® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit

10   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

12   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe

14   and effective when used in accordance with its FDA-approved prescribing information.

15   Defendants state that the potential effects of Celebrex® were and are adequately described in its

16   FDA-approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19   29.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text. Any attempt to characterize the article is

21   denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information. Defendants deny the remaining allegations in

23   this paragraph of the Complaint.

24   30.    Defendants state that the referenced article speaks for itself and respectfully refer the

25   Court to the article for its actual language and text. Any attempt to characterize the article is

26   denied. Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information. Defendants deny the remaining allegations in

28   this paragraph of the Complaint.

1    31.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

2    the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

3    FDA Update is denied.  Defendants deny the remaining allegations in this paragraph of the

4    Complaint.

5    32.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

6    used in accordance with their FDA-approved prescribing information.  Defendants state that the

7    potential effects Bextra® and Celebrex® were and are adequately described in their FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny the remaining allegations in this

10   paragraph of the Complaint.

11   33.    Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Celebrex® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16   the Complaint.

17   34.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

18   on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

19   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

20   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

21   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

22   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

23   the Complaint.

24   35.    Defendants state that the referenced article speaks for itself and respectfully refer the

25   Court to the article for its actual language and text.  Any attempt to characterize the article is

26   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27   36.    Defendants state that the referenced study speaks for itself and respectfully refer the

28   Court to the study for its actual language and text.  Any attempt to characterize the study is

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

-11-

1  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

2  paragraph of the Complaint.

3  37.    Defendants state that the Medical Officer Review speaks for itself and respectfully refer

4  the Court to the Medical Officer Review for its actual language and text.  Any attempt to

5  characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and

6  deny the remaining allegations in this paragraph of the Complaint.

7  38.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

8  hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

9  language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any

10  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

11  39.    Defendants state that the referenced articles speak for themselves and respectfully refer

12  the Court to the articles for their actual language and text.  Any attempt to characterize the

13  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

14  refer the Court to the study for its actual language and text.  Any attempt to characterize the

15  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16  40.    Defendants state that the referenced study speaks for itself and respectfully refer the

17  Court to the study for its actual language and text.  Any attempt to characterize the study is

18  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19  paragraph of the Complaint.

20  41.    Defendants state that the referenced article speaks for itself and respectfully refer the

21  Court to the article for its actual language and text.  Any attempt to characterize the article is

22  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

23  paragraph of the Complaint.

24  42.    Defendants state that the referenced articles speak for themselves and respectfully refer

25  the Court to the articles for their actual language and text.  Any attempt to characterize the

26  articles is denied.  Defendants deny the remaining allegations in this paragraph of the

27  Complaint.

28  43.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Court to the article for its actual language and text.  Any attempt to characterize the article is

2   denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

3   Court to the study for its actual language and text.  Any attempt to characterize the study is

4   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

5   44.    Defendants state that the referenced Medical Officer Review speaks for itself and

6   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

7   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

8   allegations in this paragraph of the Complaint.

9   45.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

10  Citizen" in this paragraph of the Complaint.  Defendants lack knowledge or information

11  sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

12  Defendants deny the remaining allegations in this paragraph of the Complaint.

13  46.    Defendants state that the referenced article speaks for itself and respectfully refer the

14  Court to the article for its actual language and text.  Any attempt to characterize the article is

15  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

16  paragraph of the Complaint.

17  47.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

18  referenced study speaks for itself and respectfully refer the Court to the study for its actual

19  language and text.  Any attempt to characterize the study is denied.  Defendants deny the

20  remaining allegations in this paragraph of the Complaint.

21  48.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

22  referenced article speaks for itself and respectfully refer the Court to the article for its actual

23  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

24  remaining allegations in this paragraph of the Complaint.

25  49.    Defendants state that the referenced article speaks for itself and respectfully refer the

26  Court to the article for its actual language and text.  Any attempt to characterize the article is

27  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

28  Monitoring Board" in this paragraph of the Complaint.    Defendants lack knowledge or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    information sufficient to form a belief as to the truth of such allegations and, therefore, deny the

2    same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3    50.    Defendants state that the referenced article speaks for itself and respectfully refer the

4    Court to the article for its actual language and text. Any attempt to characterize the article is

5    denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

6    51.    Defendants state that the referenced Medical Officer Review speaks for itself and

7    respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

8    attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

9    allegations in this paragraph of the Complaint.

10   52.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide

11   the proper context for the allegations concerning "other Celebrex trials" contained in this

12   paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a

13   belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in

14   this paragraph of the Complaint regarding the PreSAP study, Defendants state that the

15   referenced study speaks for itself and respectfully refer the Court to the study for its actual

16   language and text. Any attempt to characterize the study is denied. Defendants deny the

17   remaining allegations in this paragraph of the Complaint.

18   53.    Defendants state that the referenced article speaks for itself and respectfully refer the

19   Court to the article for its actual language and text. Any attempt to characterize the article is

20   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

21   54.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

22   Complaint regarding Merck and Vioxx®. Defendants lack knowledge or information sufficient

23   to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants

24   state that the referenced studies speak for themselves and respectfully refer the Court to the

25   studies for their actual language and text. Any attempt to characterize the studies is denied.

26   Defendants deny the remaining allegations in this paragraph of the Complaint.

27   55.    Defendants state that the referenced Medical Officer Review speaks for itself and

28   respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

2    allegations in this paragraph of the Complaint.

3    56.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

4    are not directed toward Defendants, and therefore no response is required.  To the extent that a

5    response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

6    this paragraph of the Complaint regarding Vioxx®.  Defendants lack knowledge or information

7    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

8    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

9    the study for its actual language and text.  Any attempt to characterize the study is denied.

10    Defendants deny the remaining allegations in this paragraph of the Complaint.

11    57.    Defendants state that the referenced study speaks for itself and respectfully refer the

12    Court to the study for its actual language and text.  Any attempt to characterize the study is

13    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14    58.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

15    Complaint are not directed toward Defendants, and therefore no response is required.  To the

16    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

17    allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants lack

18    knowledge or information sufficient to form a belief as to the truth of such allegations and,

19    therefore, deny the same.  Defendants state that the referenced study speaks for itself and

20    respectfully refer the Court to the study for its actual language and text.  Any attempt to

21    characterize the study is denied.  Defendants state that the referenced article speaks for itself

22    and respectfully refer the Court to the article for its actual language and text.  Any attempt to

23    characterize the article is denied.  Defendants deny the remaining allegations in this paragraph

24    of the Complaint.

25    59.    Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

26    are not directed toward Defendants, and therefore no response is required.  To the extent that a

27    response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

28    this paragraph of the Complaint regarding Vioxx®.  Defendants lack knowledge or information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

2    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

3    FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the

4    remaining allegations in this paragraph of the Complaint.

5    60.    Defendants admit that Bextra® was approved by the FDA, on November 16, 2001.

6    Defendants state that Bextra® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    61.    Defendants state that the referenced article speaks for itself and respectfully refer the

10   Court to the article for its actual language and text.  Any attempt to characterize the article is

11   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that, as stated in the FDA-

13   approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

14   prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

15   therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

16   (COX-1)."  Defendants deny the remaining allegations in this paragraph of the Complaint.

17   62.    Defendants state that the referenced article speaks for itself and respectfully refer the

18   Court to the article for its actual language and text.  Any attempt to characterize the article is

19   denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when

20   used in accordance with their FDA-approved prescribing information.  Defendants deny the

21   remaining allegations in this paragraph of the Complaint.

22   63.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

23   on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

24   16, 2001.    Defendants deny any wrongful conduct and the remaining allegations in this

25   paragraph of the Complaint.

26   64.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28   Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. . Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and deny the allegations in this paragraph of the Complaint.

65.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to characterize the Talk Paper is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

67.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

68.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which at all times was adequate and comported with applicable standards of care and law.

2    Defendants deny the allegations in this paragraph of the Complaint.

3    69.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendants deny any

5    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

6    70.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

9    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

10   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

11   were and are adequately described in their FDA-approved prescribing information, which was

12   at all times adequate and comported with applicable standards of care and law.  Defendants

13   deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

14   and deny the remaining allegations in this paragraph of the Complaint.

15   71.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

16   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

17   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

18   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

19   characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

20   of the Complaint.

21   72.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

22   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

23   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   73.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

26   Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

27   the letter for its actual language and text.  Any attempt to characterize the letter is denied.

28   Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

74.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny the remaining allegations in this paragraph of the Complaint.

75.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit, as indicated in the package insert

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

2   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

3   dysmenorrhea.  Defendants state that Bextra® and Celebrex® were and are safe and effective

4   when used in accordance with their FDA-approved prescribing information.  Defendants state

5   that the potential effects of Bextra® and Celebrex® were and are adequately described in their

6   FDA-approved prescribing information, which was at all times adequate and comported with

7   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8   remaining allegations in this paragraph of the Complaint.

9   76.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10  used in accordance with their FDA-approved prescribing information.  Defendants state that the

11  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

12  approved prescribing information, which at all times was adequate and comported with

13  applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding

14  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

15  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

16  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and

17  deny the allegations in this paragraph of the Complaint.

18  77.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19  and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

20  providers who are by law authorized to prescribe drugs in accordance with their approval by the

21  FDA.  Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

22  manufactured  and packaged for Searle, which developed, tested, marketed, co-promoted and

23  distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

24  providers who are by law authorized to prescribe drugs in accordance with their approval by the

25  FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

26  in accordance with their FDA-approved prescribing information.  Defendants state that the

27  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

28  approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    78.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare

5    providers who are by law authorized to prescribe drugs in accordance with their approval by the

6    FDA.    Defendants admit that, during certain periods of time, Bextra® and Celebrex® were

7    manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

8    distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare

9    providers who are by law authorized to prescribe drugs in accordance with their approval by the

10    FDA.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used

11    in accordance with their FDA-approved prescribing information.  Defendants state that the

12    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

13    approved prescribing information, which at all times was adequate and comported with

14    applicable standards of care and law.  Defendants deny the remaining allegations in this

15    paragraph of the Complaint.

16    79.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

17    used in accordance with their FDA-approved prescribing information.  Defendants state that the

18    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

21    remaining allegations in this paragraph of the Complaint.

22    80.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

23    used in accordance with their FDA-approved prescribing information.  Defendants state that the

24    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

25    approved prescribing information, which was at all times adequate and comported with

26    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27    remaining allegations in this paragraph of the Complaint.

28    81.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   used in accordance with their FDA-approved prescribing information. Defendants state that the

2   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

3   approved prescribing information, which was at all times adequate and comported with

4   applicable standards of care and law. Defendants deny any wrongful conduct and deny the

5   remaining allegations in this paragraph of the Complaint.

6   82.     Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8   Bextra® and Celebrex® and, therefore, deny the same. Defendants state that Bextra® and

9   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

10  prescribing information. Defendants state that the potential effects of Bextra® and Celebrex®

11  were and are adequately described in their FDA-approved prescribing information, which was

12  at all times adequate and comported with applicable standards of care and law. Defendants

13  deny any wrongful conduct and deny the remaining allegations in this paragraph of the

14  Complaint.

15  83.     Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17  Bextra® and Celebrex® and, therefore, deny the same. Defendants deny any wrongful

18  conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  84.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

21  used in accordance with their FDA-approved prescribing information. Defendants state that the

22  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23  approved prescribing information, which was at all times adequate and comported with

24  applicable standards of care and law. Defendants deny any wrongful conduct, deny that

25  Bextra® and Celebrex® are defective, and deny the remaining allegations in this paragraph of

26  the Complaint.

27  85.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

28  used in accordance with their FDA-approved prescribing information. Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-
2  approved prescribing information, which was at all times adequate and comported with
3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
4  remaining allegations in this paragraph of the Complaint.

5  86.     Defendants state that the referenced study speaks for itself and respectfully refer the
6  Court to the study for its actual language and text.  Any attempt to characterize the study is
7  denied.  Defendants state that Bextra® and Celebrex® were and are safe and effective when
8  used in accordance with their FDA-approved prescribing information.  Defendants state that the
9  potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-
10  approved prescribing information, which was at all times adequate and comported with
11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
12  remaining allegations in this paragraph of the Complaint.

13  87.     Defendants deny any wrongful conduct and deny the remaining allegations in this
14  paragraph of the Complaint.

15  88.     Defendants are without knowledge or information sufficient to form a belief as to the
16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
17  Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and
18  Celebrex® were and are safe and effective when used in accordance with their FDA-approved
19  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®
20  are and were adequately described in their FDA-approved prescribing information, which was
21  at all times adequate and comported with applicable standards of care and law.  Defendants
22  deny any wrongful conduct and deny the remaining allegations in this paragraph of the
23  Complaint.

24  89.     The allegations in this paragraph of the Complaint are not directed towards Defendants
25  and, therefore, no response is required.  Should a response be deemed required, Defendants
26  state that the referenced article speaks for itself and respectfully refer the Court to the article for
27  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny
28  the remaining allegations in this paragraph of the Complaint.

90.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  Should a response be deemed required, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® and Celebrex® are defective, and deny the remaining allegations contained in this paragraph of the Complaint.

94.     Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® are and were adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint

95.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

3   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

4   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

5   are and were adequately described in their FDA-approved prescribing information, which was

6   at all times adequate and comported with applicable standards of care and law.  Defendants

7   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

8   Complaint.

9                    **<u>Response to First Cause of Action: Negligence</u>**

10  96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

11  Complaint as if fully set forth herein.

12  97.    Defendants state that this paragraph of the Complaint contains legal contentions to

13  which no response is required.  To the extent that a response is deemed required, Defendants

14  admit that they had duties as are imposed by law but deny having breached such duties.

15  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

16  accordance with their FDA-approved prescribing information.  Defendants state that the

17  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18  approved prescribing information, which was at all times adequate and comported with

19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20  remaining allegations in this paragraph of the Complaint.

21  98.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is required.  To the extent that a response is deemed required, Defendants

23  admit that they had duties as are imposed by law but deny having breached such duties.

24  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in

25  accordance with their FDA-approved prescribing information.  Defendants state that the

26  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    remaining allegations in this paragraph of the Complaint.

2    99.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

5    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

6    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

7    were and are adequately described in their FDA-approved prescribing information, which was

8    at all times adequate and comported with applicable standards of care and law.  Defendants

9    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

10   Complaint, including all subparts.

11   100.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

14   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

15   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

16   were and are adequately described in their FDA-approved prescribing information, which was

17   at all times adequate and comported with applicable standards of care and law.  Defendants

18   deny any wrongful conduct, deny that Bextra® and Celebrex® are unreasonably dangerous,

19   and deny the remaining allegations in this paragraph of the Complaint.

20   101.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

21   used in accordance with their FDA-approved prescribing information.  Defendants state that the

22   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   102.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28   Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

2  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

3  were and are adequately described in their FDA-approved prescribing information, which was

4  at all times adequate and comported with applicable standards of care and law.  Defendants

5  deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or

6  damage, and deny the remaining allegations in this paragraph of the Complaint.

7  103.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

9  conditions and whether Plaintiff used Bextra® and Celebrex®, and, therefore, deny the same.

10  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs

11  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

12  104.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

13  Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

14  Complaint.

15  105.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

16  Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

17  Complaint.

18  **Response to Second Cause of Action: Breach of Express Warranty**

19  106.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  107.    Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

24  Celebrex® were and are safe and effective when used in accordance with their FDA-approved

25  prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

26  were and are adequately described in their FDA-approved prescribing information, which was

27  at all times adequate and comported with applicable standards of care and law.  Defendants

28  admit that they provided FDA-approved prescribing information regarding Bextra® and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1     Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2     108.     Defendants are without knowledge or information sufficient to form a belief as to the

3     truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4     Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and

5     Celebrex® were and are safe and effective when used in accordance with their FDA-approved

6     prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

7     were and are adequately described in their FDA-approved prescribing information, which was

8     at all times adequate and comported with applicable standards of care and law.  Defendants

9     admit that they provided FDA-approved prescribing information regarding Bextra® and

10     Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this

11     paragraph of the Complaint, including all subparts.

12     109.     Defendants admit that they provided FDA-approved prescribing information regarding

13     Bextra® and Celebrex®.  Defendants deny any wrongful conduct and deny the remaining

14     allegations in this paragraph of the Complaint.

15     110.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

16     used in accordance with their FDA-approved prescribing information.  Defendants state that the

17     potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

18     approved prescribing information, which was at all times adequate and comported with

19     applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20     remaining allegations in this paragraph of the Complaint.

21     111.     Defendants state that Bextra® and Celebrex® were and are safe and effective when

22     used in accordance with their FDA-approved prescribing information.  Defendants state that the

23     potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

24     approved prescribing information, which was at all times adequate and comported with

25     applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26     remaining allegations in this paragraph of the Complaint.

27     112.     Defendants are without knowledge or information sufficient to form a belief as to the

28     truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® and Celebrex®, and, therefore, deny the same. Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

113. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

115. Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Implied Warranty**

116. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

117. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

118. Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information. Defendants state that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.  Defendants admit that they provided FDA-approved

4    prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining

5    allegations in this paragraph of the Complaint.

6    119.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

7    used in accordance with their FDA-approved prescribing information.  Defendants state that the

8    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny the remaining allegations in this

11   paragraph of the Complaint.

12   120.    Defendants state that this paragraph of the Complaint contains legal contentions to

13   which no response is required.  To the extent that a response is deemed required, Defendants

14   state that Bextra® and Celebrex® were and are safe and effective when used in accordance

15   with their FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing

17   information, which was at all times adequate and comported with applicable standards of care

18   and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this

19   paragraph of the Complaint.

20   121.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22   Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a

23   prescription medication which is approved by the FDA for the following indications: (1) for

24   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

25   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

26   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

27   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

28   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex®, and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra® and Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   allegations in this paragraph of the Complaint.

2   125.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

3   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

4   Complaint.

5   126.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

6   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

7   Complaint.

8   127.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

9   Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

10  Complaint.

11              **Response to Fourth Cause of Action:**
    **Failure to Warn Under the North Carolina Products Liability Act**

12  128.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

13  Complaint as if fully set forth herein.

14  129.    Defendants state that this paragraph of the Complaint contains legal contentions to

15  which no response is required.  To the extent that a response is deemed required, Defendants

16  admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

17  Bextra® and Celebrex® in the United States to be prescribed by healthcare providers who are

18  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

19  admit that, during certain periods of time, Bextra® and Celebrex® were manufactured and

20  packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

21  and Celebrex® in the United States to be prescribed by healthcare providers who are by law

22  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

23  the remaining allegations in this paragraph of the Complaint.

24  130.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

25  used in accordance with their FDA-approved prescribing information.  Defendants state that the

26  potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

27  approved prescribing information, which was at all times adequate and comported with

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    131.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    132.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

10    used in accordance with their FDA-approved prescribing information.  Defendants deny any

11    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

12    133.    Defendants state that Plaintiffs fail to provide the proper context for the allegations in

13    this paragraph of the Complaint regarding "other Cox II inhibitor-type drugs" and "others in the

14    medical and pharmacological communities."  Defendants lack knowledge or information

15    sufficient to form a belief as to the truth of such allegations and, therefore, deny the same.

16    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17    the Complaint.

18    134.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

19    used in accordance with their FDA-approved prescribing information.  Defendants state that the

20    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21    approved prescribing information, which was at all times adequate and comported with

22    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

23    Bextra® or Celebrex® are defective, and deny the remaining allegations in this paragraph of

24    the Complaint, including all subparts.

25    135.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

28    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Fifth Cause of Action:
### Inadequate Design or Formulation Under the North Carolina Products Liability Act

137.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

138.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are defective, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® are defective, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Fraudulent Misrepresentation and Concealment**

142.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

143.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint, including all subparts.

3    145.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

4    used in accordance with their FDA-approved prescribing information.  Defendants state that the

5    potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

6    approved prescribing information, which was at all times adequate and comported with

7    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

8    remaining allegations in this paragraph of the Complaint.

9    146.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

12   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

13   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

14   were and are adequately described in their FDA-approved prescribing information, which was

15   at all times adequate and comported with applicable standards of care and law.  Defendants

16   deny any wrongful conduct, deny that Bextra® and Celebrex® is defective or unreasonably

17   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

18   147.    Defendants state that Bextra® and Celebrex® were and are safe and effective when

19   used in accordance with their FDA-approved prescribing information.  Defendants state that the

20   potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   148.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

27   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

28   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    were and are adequately described in their FDA-approved prescribing information, which was

2    at all times adequate and comported with applicable standards of care and law.  Defendants

3    deny any wrongful conduct and deny the remaining allegations in this paragraph of the

4    Complaint.

5    149.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

8    Celebrex® were and are safe and effective when used in accordance with their FDA-approved

9    prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

10   were and are adequately described in their FDA-approved prescribing information, which was

11   at all times adequate and comported with applicable standards of care and law.  Defendants

12   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

13   Complaint.

14   150.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

17   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

18   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

19   were and are adequately described in their FDA-approved prescribing information, which was

20   at all times adequate and comported with applicable standards of care and law.  Defendants

21   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

22   Complaint.

23   151.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25   Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and

26   Celebrex® were and are safe and effective when used in accordance with their FDA-approved

27   prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex®

28   were and are adequately described in their FDA-approved prescribing information, which was

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra® and Celebrex® and, therefore, deny the same.  Defendants state that Bextra® and Celebrex® were and are safe and effective when used in accordance with their FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® and Celebrex® were and are adequately described in their FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156.        Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

2    Complaint.

### Response to Prayer For Relief

4    Defendants deny any wrongful conduct, deny that Bextra® or Celebrex® caused

5    Plaintiffs injury or damage, and deny the remaining allegations in paragraph of the Complaint

6    headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

9    Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

10   Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

13   Defendants reserve the right to rely upon any of the following or additional defenses to

14   claims asserted by Plaintiffs to the extent that such defenses are supported by information

15   developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

17   1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

19   2.    Bextra® and Celebrex® are prescription medical products.  The federal government has

20   preempted the field of law applicable to the labeling and warning of prescription medical

21   products.  Defendants' labeling and warning of Bextra® and Celebrex® was at all times in

22   compliance with applicable federal law.   Plaintiffs' causes of action against Defendants,

23   therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would

24   conflict with applicable federal law and violate the Supremacy Clause of the United States

25   Constitution.

### Third Defense

27   3.    At all relevant times, Defendants provided proper warnings, information and

28   instructions for the drugs in accordance with generally recognized and prevailing standards in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    existence at the time.

2    **Fourth Defense**

3    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

4    Bextra® and Celebrex® conformed to the generally recognized, reasonably available, and

5    reliable state of knowledge at the time the drugs were manufactured, marketed and distributed.

6    **Fifth Defense**

7    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

8    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

9    **Sixth Defense**

10    6.    Plaintiffs' action is barred by the statute of repose.

11    **Seventh Defense**

12    7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were

13    contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages,

14    and any recovery by Plaintiffs should be diminished accordingly.

15    **Eighth Defense**

16    8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

17    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

18    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

19    liable in any way.

20    **Ninth Defense**

21    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

22    intervening causes for which Defendants cannot be liable.

23    **Tenth Defense**

24    10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra® or

25    Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

26    operation of nature, or act of God.

27    **Eleventh Defense**

28    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® and Celebrex® are prescription medical products, available only on the order of a licensed physician. Bextra® and Celebrex® provided adequate warnings to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The products at issue were not in a defective condition or unreasonably dangerous at the time they left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® and Celebrex® were at all times material to the Complaint reasonably safe and reasonably fit for their intended use and the warnings and instructions accompanying Bextra® and Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for their approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® and Celebrex® allegedly ingested by Plaintiff were prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the products Bextra® and Celebrex® after the products left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Eighteenth Defense**

2    18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

3    conditions unrelated to Bextra® and Celebrex®.

4                                          **Nineteenth Defense**

5    19.    Plaintiffs knew or should have known of any risk associated with Bextra® and

6    Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

7                                          **Twentieth Defense**

8    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

9    preempted in accordance with the Supremacy Clause of the United States Constitution and by

10   the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

11                                       **Twenty-first Defense**

12   21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

13   the subject pharmaceutical products at issue were subject to and received pre-market approval

14   by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

15                                      **Twenty-second Defense**

16   22.    The manufacture, distribution and sale of the pharmaceutical products referred to in

17   Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

18   and Plaintiffs' causes of action are preempted.

19                                       **Twenty-third Defense**

20   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

21   jurisdiction of the Food and Drug Administration over the subject pharmaceutical products at

22   issue under applicable federal laws, regulations, and rules.

23                                      **Twenty-fourth Defense**

24   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action

25   concerning matters regulated by the Food and Drug Administration under applicable federal

26   laws, regulations, and rules.

27                                       **Twenty-fifth Defense**

28   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   "direction or warnings" as to the use of the subject pharmaceutical products within the meaning

2   of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

3

4   26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim

5   because Bextra® and Celebrex® are prescription pharmaceutical drugs and fall within the

6   ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

7

8   27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

9   products at issue "provide[] net benefits for a class of patients" within the meaning of Comment

10  f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

11

12  28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

13  Products Liability.

### Twenty-ninth Defense

14

15  29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

16  facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

17

18  30.     Defendants affirmatively aver that the imposition of punitive damages in this case

19  would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

20  the United States Constitution and the Constitutions of the States of North Carolina and

21  California, and would additionally violate Defendants' rights to substantive due process under

22  the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

23

24  31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

25  Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

26

27  32.     The imposition of punitive damages in this case would violate the First Amendment to

28  the United States Constitution.

-43-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of North Carolina and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in

determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra® and Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the products' use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® and Celebrex® were designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® were not unreasonably dangerous or defective, were suitable for the purpose for which they were intended, and were distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.      Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.      The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.      The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the products complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.      The claims must be dismissed because Plaintiff would have taken Bextra® and Celebrex® even if the product labeling contained the information that Plaintiffs contend should

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® and Celebrex® outweighed their risks.

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® and Celebrex® are comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra® and Celebrex®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fifty-fourth Defense

2  54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

3  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

4

### Fifty-fifth Defense

5  55.    Defendants state on information and belief that the Complaint and each purported cause

6  of action contained therein is barred by the statutes of limitations contained in California Code

7  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

8  as may apply.

9

### Fifty-sixth Defense

10  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

11  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

12  conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

13  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

14

### Fifty-seventh Defense

15  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

16  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

17  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

18  damages is also barred under California Civil Code § 3294(b).

19

### Fifty-eighth Defense

20  58.    Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C.

21  Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and

22  adequate instructions or warnings provided to Plaintiff by Plaintiff's physician(s).

23

### Fifty-ninth Defense

24  59.    Upon information and belief, Plaintiff continued to use Bextra® and Celebrex® after

25  learning of their alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina

26  common law and N.C. Gen. Stat. § 99B-4(2).

27

### Sixtieth Defense

28  60.    If it is discovered that Plaintiff failed to exercise reasonable are under the circumstances

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in the use of Bextra® and Celebrex®, and Plaintiff's failure was a proximate cause of Plaintiffs' alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiffs' right to recover against Defendants.

### Sixty-first Defense

61.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

### Sixty-second Defense

62.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen. Stat. § 99B-6, and all of its subparts.

### Sixty-third Defense

63.    To the extent not separately stated, Defendants plead as an affirmative defense all the applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

### Sixty-fourth Defense

64.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

1    6.    That Defendants have such other and further relief as the Court deems appropriate.

2

3    October 31, 2007                           GORDON & REES LLP

4

5                                              By: _____/s/_____

6                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
7                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
8                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
9                                                  Fax:  (415) 986-8054

10   October 31, 2007                           TUCKER ELLIS & WEST LLP

11

12                                             By: _____/s/_____

13                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
14                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071
15                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409
16
                                                   Attorneys for Defendants
17                                                 PFIZER INC, PHARMACIA
                                                   CORPORATION, and G.D. SEARLE
18                                                 LLC

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-50-

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

October 31, 2007                        GORDON & REES LLP


By: _____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

October 31, 2007                        TUCKER ELLIS & WEST LLP


By: _____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC, PHARMACIA
CORPORATION, and G.D. SEARLE
LLC